Rearsos, C. J.
 

 The acts to be done by the parties, under-
 
 *78
 
 this covenant, were concurrent; and to entitle file plaintiff to recover, it was necessary for him to prove: 1st, either a performance on his part: 2nd, or, that he was ready and able, and offered to perform, but the defendant refused to accept, which is considered in law as equivalent to a performance, for the purpose of the action : 3rd, or that readiness and ability, on his part, was dispensed with, because, it was made impossible by the act of the defendant, or was prevented by his request.
 

 These principles have been so recently discussed and decided, that it is unnecessary, at this time, to do more than make an application, to the case now under consideration;
 
 Grandy
 
 v. Small, 5 Jones’ Rep. 50;
 
 Shaw
 
 v. Grandy, Ibid. 56;
 
 Walker
 
 v. Allen, Ibid. 58.
 

 Performance on the part of the plaintiff, is not alleged, but he insists that the case falls under the second head ; for that he was ready and able and offered to perform, and the breach assigned is, that the defendant refused “ to execute the title, at the time, when the $3000 and security were tendered.”
 

 Assuming that the $3000, in bank bills, were the same as specie, and that the surety, who attended at the instance of the plaintiff, was good, still the averment, that the plaintiff was ready and able to perform his part of the covenant, was not true ; and consequently, he was not in a condition to demand a performance on the part of the defendant. There was readiness and ability in respect to the cash payments, but in respect to the security, which was to be given for the balance of the price, the plaintiff was not ready and able, because, the amount, for which the notes were to be given, could not be fixed, until the exact number of acres was ascertained, and it was useless and trifling to talk about executing notes for the balance, at the time when the breach is assigned. If the plaintiff had purposed to make a joint survey, or to make a survey himself, and had been forbidden by the defendant from entering upon the land for that purpose, possibly, the case might have fallen under the third head; but nothing of the kind was
 
 *79
 
 done, and it is unnecessary to enter upon a consideration of the case in that aspect.
 

 To meet this difficulty, it was suggested by Mr.
 
 Batchelor,
 
 that he was ready and able, at the time, to have entered into bond, with a condition for the payment of such an amount as might thereafter, upon a survey, be ascertained to be the true amount. It is sufficient to reply, that a bond of this description was not in contemplation of the parties, and would not have conformed to the covenant, by which the defendant was entitled to simple and absolute bonds, for money, in fixed sums, which it is admitted could not, at that time, have been executed. There is error.
 

 Per Curiam, Judgment reversed.